UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Hardison,

        Plaintiff,        Case No. 14-cv-10939
                                  Hon. Judith E. Levy
v.                                      Mag. Judge David R. Grand

Cyndi Murphy, Karen Horton, and
Richard Cady,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [21] TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [15]**

This is a prisoner civil rights case. Pending is Magistrate Judge David R. Grand's Report and Recommendation (Dkt. 21) to grant the Michigan Department of Corrections defendants' motion for summary judgment.

    I.    Background

The Court adopts the Report and Recommendation's statement of facts, as plaintiff objects only to whether those facts create a genuine

issue of material fact sufficient to deny defendants' motion for summary judgment.

II.  Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir.2002)).

Following a magistrate judge's report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen days. 28 U.S.C. § 636(b). The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court "may accept, reject, or modify,

2

in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

III. Analysis

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation, each relating to his Eighth Amendment claim.

The first objection is that a material question of fact exists because plaintiff "submitted numerous request [sic] to the appropriate healthcare provider with no success concerning bloody episodes with his feet due to the shoes that was [sic] provided him." (Dkt. 22 at 3.) Because those requests for new shoes were unsuccessful, plaintiff experienced severe pain and bleeding as a result of walking in the orthopedic shoes he was provided. (Id.)

Plaintiff asserted a claim against Registered Nurse Cyndi Murphy ("RN Murphy") for deliberate indifference to his serious medical needs under the Eighth Amendment. (Dkt. 1 at 3-4, 5.) "A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Broyles v. Corr. Med. Servs., Inc.*, 478

3

F. App'x 971, 975 (6th Cir. 2012) (internal quote marks and citations omitted).

Plaintiff argues that he submitted requests to the "appropriate healthcare provider." The Magistrate Judge found that "RN Murphy's affidavit makes clear that she had no authority to . . . order new orthopedic shoes." (Dkt. 21 at 7.) Nor is there any "evidence that RN Murphy interfered with Hardison's ability to obtain [new shoes] from the staff responsible for those accommodations." (Id.) Plaintiff's objection does not establish that RN Murphy was the "appropriate healthcare provider" to whom he is referring. At most, the objection establishes that plaintiff believed RN Murphy to be such a provider, but not that she, in fact, was the appropriate healthcare provider who could provide plaintiff with new shoes.

Plaintiff's objection does not raise a genuine issue of material fact as to RN Murphy's alleged deliberate indifference to his serious medical need. Even assuming plaintiff's need for different shoes was a "serious medical need," inaction on the part of an unspecified other "healthcare provider" does not constitute a failure to take reasonable measures on RN Murphy's part, as required to state an Eighth Amendment claim.

Plaintiff's second objection is that "the evidence inside RN Murphy's affidavit contradicts Policy Directive 03.04.100 of healthcare services" and violates the Eighth Amendment. (Dkt. 22 at 5.) Plaintiff does not provide the Court with Policy Directive 03.04.100, and so the Court cannot determine whether RN Murphy's affidavit (Dkt. 15-2) contradicts the Directive. Further, even if the affidavit did contradict Policy Directive 03.04.100, the Court would have to first determine whether the Directive creates a duty under which noncompliance could give rise to a valid Eighth Amendment claim in this case.

Plaintiff also states that "[d]rawing all reasonable inferences in Hardison's behalf, this court would have to conclude that Plaintiff Hardison sent multiple kites to healthcare complaining of the orthopedic shoes." (Dkt. 22 at 5.)[1] The Report and Recommendation took plaintiff's multiple kites into account in its analysis. (*See* Dkt. 21 at 7.) The issue, however, is whether there is a genuine issue of material fact as to whether RN Murphy was deliberately indifferent to plaintiff's requests for medical care when she lacked the authority to act on them. Plaintiff does not dispute that RN Murphy was unable to help

---

[1] A "kite" is a written request by a prisoner.

him obtain new shoes, and he does not provide any evidence or argument that would create a genuine issue of material fact about her ability to do so.

Finally, plaintiff argues that the urine bottle and cap he was given constituted "a serious risk of contamination" because "it spills urine when discharging and constitutes contamination because urine leaks from the container's lid." (Dkt. 22 at 6-7.) This allegation is not in plaintiff's complaint, and raises a new theory of liability for the first time.

As a threshold matter, plaintiff's objection does not specifically respond to the Report and Recommendation, but instead objects because the Magistrate Judge did not consider facts that were not contained in the record.

However, even if plaintiff's objection were valid, it would not raise a genuine issue of material fact. Plaintiff appears to allege that his urine cap and bottle created a substantial risk to his health because the cap and bottle did not have a proper seal, and leaking urine could contaminate something in his environment. However, in order to state a claim under the Eighth Amendment, an official must *know* of the

substantial risk to a plaintiff's health and recklessly disregard the risk by failing to take reasonable measures to abate it. *Broyles*, 478 Fed. Appx. at 975. A plaintiff must demonstrate that "(1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference." (Dkt. 21 at 5 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).)

Plaintiff has not alleged that any defendant in this case was aware of any fact from which an inference could be drawn that there was a substantial risk of serious harm of "contamination" from the alleged leaky urine cap and bottle, or that any official did or could have drawn such an inference.

Accordingly, plaintiff's objections do not raise a genuine issue of material fact, summary judgment is appropriate in this case.

IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Magistrate Judge David R. Grand's Report and Recommendation (Dkt. 21) is ADOPTED; and

Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: March 9, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2015.

 s/Felicia M. Moses
 FELICIA M. MOSES
 Case Manager